

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2009

# Choi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1899

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Choi v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1922.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1922

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1899
_____

HYO SUNG CHOI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Review of a Decision of the
Board of Immigration Appeals
Immigration Judge: Honorable Daniel A. Meisner
(No. A97-907-049)
_____

Submitted Under Third Circuit LAR 34.1(a)
January 16, 2009
_____
Before: SLOVITER, BARRY, and SILER,* Circuit Judges

(Filed: February 5, 2009)

_____

OPINION
_____

PER CURIAM

---

\* The Honorable Eugene E. Siler, Jr., Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

Hyo S. Choi petitions for review of a final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his motion for a continuance and order of removal. Choi also challenges the BIA's denial of his request for a remand to file an application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").

In April 2005, Choi attempted to enter the country without being admitted or paroled. Choi, sixteen years old at the time, was placed in removal proceedings and appeared before an IJ in Texas in May 2005. Choi's Notice to Appear indicated that he was a native and citizen of South Korea. At the hearing, the IJ granted a two-week continuance to provide Choi's attorney an opportunity to prepare for his case. Later in May, after Choi's attorney conceded removability, the IJ granted another continuance in order to provide the attorney with an opportunity to investigate Choi's eligibility for relief. Sometime after that hearing, Choi relocated to New Jersey to reunite with his mother.

Choi, represented by a new attorney and accompanied by his mother, next appeared before an IJ in Newark in July 2005. Choi's attorney asked for, and was granted, a brief adjournment in order to look into possible forms of relief. Thirteen days later, on August 10, Choi's attorney informed the IJ that he did not intend to file any applications for relief and agreed to accept an order of deportation to South Korea. Choi's attorney, however, asked for a continuance because "there [was] going to be some

2

sort of a[n] intervention, political intervention by a United States Senator." Choi's attorney also wanted to have the matter placed in "deferred action, put on non-priority status." The IJ denied the request and ordered Choi's removal to South Korea.

On appeal to the BIA, Choi alleged that he was a North Korean citizen who defected to South Korea and that, since his August 10 hearing before the IJ, the South Korean government had revoked his citizenship. Choi requested a remand to the IJ to apply for asylum, withholding of removal and relief under the CAT. The BIA affirmed the IJ's opinion and denied Choi's request to remand. Choi filed a timely petition for review in this Court. We have jurisdiction over Choi's petition for review under 8 U.S.C. § 1252.

We review the denial of a continuance for abuse of discretion. *Khan v. Att'y Gen.*, 448 F.3d 226, 233 (3d Cir. 2006). The IJ's denial of Choi's request for a continuance was not an abuse of discretion. An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. Choi argues that the IJ should have been aware that the preparation of an asylum application is a time-consuming task. Choi's attorney, however, requested a continuance because of possible political intervention by a United States Senator and his hope that Choi's case would be put on deferred action status—not in order to complete an asylum application. The BIA properly determined that the possible passage of private legislation benefitting Choi was too speculative to grant a continuance. Further, a request for deferred action is not a cognizable form of relief before the IJ.

3

Therefore, the BIA did not abuse its discretion in determining that neither reason constituted "good cause" for continuing the proceedings.

The BIA also did not abuse its discretion in denying the request to remand.[1] The BIA denied the request because it determined that the factual events Choi relied on to support his motion occurred prior to the August 10 hearing. The BIA's findings of fact should be reviewed for substantial evidence. *Sevoian v. Ashcroft,* 290 F.3d 166, 170 (3d Cir. 2002). Choi asserts that he did not discover that South Korea had allegedly expunged his name from the South Korea Family Register until after his final hearing in front of the IJ. Documents submitted to the BIA, however, indicate that Choi's name was expunged in June 2005 and that his mother inquired, prior to the August 10 hearing, about the status of the family's South Korean citizenship. Choi thus could have discovered the expungement prior to the August 10 hearing (or at the very least, requested a continuance on that basis). Moreover, Choi's asylum claim based on his mother's political activities in South Korea should have been raised at the same hearing since the activities occurred before either Choi or his mother arrived in the United States. Therefore, the BIA did not

---

[1] Although both parties frame this as a "motion to remand," no such motion was ever made. There is a "Filing Receipt for Motion" dated April 14, 2006 in the joint appendix, showing a "motion to remand" was filed on April 12, but the April 12 document that follows is not a motion to remand. That document is a cover letter to the BIA with an Application for Asylum and Withholding of Removal. In the cover letter, Choi's counsel stated: *"Within the next few days, the undersigned will also file with the Board Mr. Choi's Motion to Reopen and Remand* based on changed circumstances to allow him to apply for asylum before the Immigration Judge." The BIA order does not mention a specific motion to remand. It simply discusses that in his brief on direct appeal of the IJ order, Choi requested a remand to apply for relief.

4

abuse its discretion in determining that both of Choi's claims relied on material evidence that could have been discovered earlier and, further, that both of these issues could have been raised in front of the IJ on August 10.

At no time during any of the proceedings did Choi or his mother reveal that he was a North Korean citizen. Choi's attorneys argue that had he known it would be beneficial for his case to reveal his North Korean citizenship he would have done so sooner. The burden, however, was clearly on Choi alone to investigate all avenues of relief and to present the strongest case opposing removal. *See Guo v. Ashcroft*, 386 F.3d 556, 561 (3d Cir. 2004) ("An applicant bears the burden of proving eligibility for asylum based on specific facts and credible testimony.").

As to Choi's contention that the IJ's denial of his continuance request caused an unconscionable result and manifest injustice, we lack jurisdiction to review this claim. See 8 U.S.C. § 1252(d)(1); *Zheng v. Gonzales*, 422 F.3d 98, 107-08 (3d Cir. 2005) (failure to exhaust claims before the BIA bars consideration of the question before the Court of Appeals).

Lastly, Choi's argument that the BIA denied him due process fails because Choi did not demonstrate that the agency denied him a reasonable opportunity to present his case. "Where an alien claims a denial of due process because he was 'prevented from making his case to the BIA or the IJ,' he must show (1) that he was 'prevented from reasonably presenting his case' and (2) that 'substantial prejudice' resulted." *Fadiga v.*

5

*Att'y Gen.,* 488 F.3d 142, 155 (3d Cir. 2007) (internal citations omitted). Choi argues that the BIA's order effectively prevented him from reasonably presenting his claim for asylum because it made the erroneous fact findings that the events underlying Choi's claim could have been presented to the IJ. As discussed above, however, the BIA's factual findings are supported by substantial evidence. Therefore, it cannot be said that the BIA's order prevented him from presenting his asylum claim. Choi also claims he did not have a full and fair hearing before the IJ, but that is not supported because Choi was given the opportunity to apply for relief and specifically declined to do so. For the above-stated reasons, we will deny the petition for review.